UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CHARLES LATIMORE

        PLAINTIFFS

                                              **COMPLAINT**

- Against -                                      CV-16-05275

The City of New York, DETECTIVE DUDLEY EWALD,
Shield No.: 327, DETECTIVE NOEL LAWRENCE,
Shield No.: 6498, and Police Officers JOHN and
JANE DOE 1 through 10, individually and in their official
capacities, the true names of JOHN and JANE DOE,
1 through 10, presently unknown.

        DEFENDANTS

------------------------------------------------------------X

      Plaintiff Charles Latimore by his attorney, RAOUL ZALTZBERG, ESQ., of Zaltzberg & Hutchinson, LLC., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is a resident of Kings County in the State of New York.

7. Defendant City of New York is a municipal corporation organized under the law of the State of New York. It operates the New York City Police Department, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Detective Dudley Ewald ("Ewald"), Shield No.327; at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Ewald is sued in his individual and official capacity.

9. Defendant Police Officer Noel Lawrence ("Lawrence"), Shield No. 6498; at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Lawrence is sued in his individual and official capacity.

10. At all times hereinafter defendants P.O.'s "JOHN DOE" #1-10 were duly sworn police officers of the NYPD, and were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John Doe #1-10 are sued in their individual and official capacities.

11. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

## STATEMENT OF FACTS

12. On January 13, 2016 at approximately 6:00 a.m. inside of 619 East 108 Street in Kings County. Mr. Latimore was asleep, with his girlfriend, Tysha Buckner, on his friend Darrell Castello's living room couch.

13. Defendants, including Lawrence, entered the apartment with a search warrant looking for Darrell Castello.

14. Defendants, grabbed plaintiff and threw plaintiff down to the ground.

15. Defendants then tell plaintiff to "shut the fuck up," then arrested plaintiff.
16. Plaintiff was then taken to the 69th Precinct.
17. He was then transported to Manhattan Central Booking to await arraignment.
18. While plaintiff was in Central Booking, Lawrence and his fellow officer, acting in concert and with malice, conveyed false information to prosecutors in order to have plaintiff prosecuted for Criminal Possession and Criminal Sale of a Controlled Substance in the Third Degree.
19. Plaintiff was arraigned in Criminal Court, New York County and had bail set on his case in the amount of $5,000. The case was adjourned for his Criminal Procedure Law §180.80 date.
20. On January 15, all criminal charges filed against plaintiff were dismissed.
21. Plaintiff spent over 72 hours in police custody.

## FIRST CLAIM FOR RELIEF

## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

22. Plaintiff repeats and realleges each and every allegation set forth herein.
23. All of the aforementioned acts of defendants, their agents, servants, and employees, were carried out under the color of state law.
24. All of the aforementioned acts deprived plaintiff of the rights privileges, and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and are in violation of 42 U.S.C. § 1983.
25. The aforementioned individual defendants in their capacities as police officers carried out the acts complained of, with all of the actual and/or apparent authority attendant thereto.
26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.
27. Defendants, Collectively and individually, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the

respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## UNLAWFUL STOP AND SEARCH UNDER 42 U.S.C. § 1983

28. Plaintiff repeats and realleges each and every allegation set forth herein.
29. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.
30. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## THIRD CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. §1983

31. Plaintiff repeats and realleges each and every allegation set forth herein.
32. No officer observed plaintiff commit a crime on June 16, 2015.
33. At no time on June 16, 2015 did the plaintiff commit a crime.
34. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody, caused to be falsely imprisoned, detained and confined without any probable cause.
35. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF
## FABRICATION OF EVIDENCE UNDER 42 U.S.C. §1983

36. Plaintiff repeats and realleges each and every allegation set forth herein.
37. The individual defendants created false evidence against the plaintiff and forwarded such false evidence to the Manhattan County District Attorney's Office.
38. In creating such false evidence, the defendants violated each of the plaintiff's constitutional rights to due process.
39. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. §1983 and the Fifth and Fourteenth Amendments to the United States Constitution.

40. As a direct and proximate result of this unlawful conduct, the plaintiff sustained the damages alleged herein.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

43. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

44. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SIXTH CLAIM
## FAILURE TO INTERVENE

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:
  I. Compensatory damages against all defendants, jointly and severally;
  II. Punitive damages against the individual defendants, jointly and severally;

III.   Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

IV.   Such other and further relief as this Court deems just and proper.

DATED:   September 22, 2016
         New York, New York

                                             _____/s/_____
                                             Raoul Zaltzberg, Esq.
                                             Zaltzberg & Hutchinson, LLC
                                             305 Broadway
                                             Suite 900
                                             New York, NY 10007
                                             (212) 323-7418